IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIE SAM BIVINS, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 1:13-CV-146 (WLS) |
| Sheriff KEVIN SPROUL, *et al.*, | : | |
| Defendants. | : | **O R D E R** |

Plaintiff **WILLIE SAM BIVINS**, a pretrial detainee at the Dougherty County Jail ("DCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). He has also submitted a motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff alleges that he was denied due process in connection with the filing of three "frivolous" disciplinary reports and his disciplinary hearing that resulted in disciplinary segregation for 120 days. Plaintiff additionally alleges that the conditions of confinement in disciplinary segregation are "extremely harsh." Specifically, Plaintiff complains that his cell is not equipped with a sink. As a result, he is unable to wash his hands after using the toilet and he receives running water only when an officer gives it to him, which has resulted in dehydration. Plaintiff claims that the dehydration has caused a "very sore esophagus," difficult bowel movements, and anal pain and bleeding. Plaintiff additionally claims that his cell is dark at night, which resulted in his falling several times, and that he is allowed out of his cell for only one hour, every other day.

1

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of the above "three strikes" rule in concluding it does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998). Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g). ***Medberry v. Butler***, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed several lawsuits in the United States District Courts, at least three of which were dismissed under circumstances that constitute "strikes" for purposes of section 1915(g). ***See Bivins v. Edwards***, 1:13-cv-1 (WLS) (listing cases). As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).

Plaintiff's claims regarding the disciplinary process and his limited time outside his cell do not remotely approach allegations of imminent danger of serious physical injury. Moreover, the other conditions about which Plaintiff complains are not sufficiently serious to satisfy this exception to the "three strikes rule."

Plaintiff's request to proceed *in forma pauperis* is accordingly **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $350.00 filing fee. As the

Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this   19th   day of September, 2013.

    /s/ W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE