IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE SAM BIVINS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-146 (WLS) |
| SHERIFF KEVIN SPROUL, *et al.*, | : |
| Defendants. | : |

## ORDER

On January 15, 2014, the Court denied without prejudice Plaintiff's Request to Proceed *In Forma Pauperis* ("IFP") on Appeal. (Doc. 15.) However, the Court instructed Plaintiff to "file a statement of the issues he intends to present on appeal" if he wishes to obtain IFP status on appeal. (*Id.* at 2.) Plaintiff asserts the following issues: (1) whether the Court erred in refusing to permit him to proceed with IFP status; (2) whether the Court abused its discretion in refusing to permit him to amend his complaint prior to dismissal; and (3) whether the Court erred in refusing to permit him to participate in discovery. (Doc. 17 at 3-4.)

A court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).[1] "An appeal may not be taken in forma pauperis[, however,] if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). Accordingly, a court is required to dismiss a case upon finding that the appeal taken *in forma pauperis* is

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. FED. R. APP. P. 24(a).

1

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(i)-(iii).

While the good-faith test under § 1915 does not require a preliminary showing of any particular degree of merit, the examining court at least must be able to determine from the IFP application whether the appeal involves legal points *arguable* on their merits. *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) (citations omitted) (adopting U.S. Magistrate Judge's recommendation's findings as to IFP application). That is, legal theories raised in the appeal must be "capable of being convincingly argued." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)) ("[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.' "). Otherwise, if they are not, they are "indisputably meritless," frivolous, and thus, brought without good faith. *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

The Court finds that Plaintiff should not be permitted to proceed *in forma pauperis* on appeal. Plaintiff was denied IFP status and his complaint was dismissed without prejudice under the "three strikes rule" of the Prison Litigation Reform Act. (Doc. 6.) Because Plaintiff has not provided any basis to suggest that the Court's findings were erroneous, or that his appeal raises any legal or factual bases that could be convincingly argued, his motion to proceed *in forma pauperis* on appeal (Doc. 17) is **DENIED.** To the extent that Plaintiff intends his Motion (Doc. 17) to request a reconsideration of any of the Court's previous orders, such request is **DENIED.**

**SO ORDERED**, this  6th  day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**